*U.S. v. Ibrahim*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty.

PRESENT:
      RICHARD C. WESLEY,
      SUSAN L. CARNEY,
      STEVEN J. MENASHI,
            *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

       v.                                 No. 19-823

MOAZE IBRAHIM,

     *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | James P. Egan, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY. |
| FOR APPELLEE: | Rajit S. Dosanjh, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 29, 2019, is **AFFIRMED**.

Defendant-Appellant Moaze Ibrahim appeals from a judgment of conviction entered on March 29, 2019, following a jury trial in the United States District Court for the Northern District of New York (D'Agostino, *J.*). Ibrahim was convicted of transporting an illegal alien in knowing or reckless disregard of the alien's legal status, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).[1] The sole issued raised on appeal is whether the government presented sufficient evidence from which a reasonable jury could conclude, beyond a reasonable doubt, that when Ibrahim picked up Hachim Rachid on the U.S.-Canada border in December 2017, Ibrahim knew or recklessly disregarded the fact that Rachid had unlawfully entered the United States. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

A defendant bears "a heavy burden" in challenging the sufficiency of the evidence underlying his criminal conviction. *United States v. Archer*, 671 F.3d 149, 160 (2d Cir. 2011). We must affirm a conviction if we determine that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Babilonia*, 854 F.3d 163, 174 (2d Cir. 2017) (emphasis omitted). In making this determination, we are required to "view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *Id.* The

---

[1] 8 U.S.C. § 1324(a)(1)(A)(ii) (imposing criminal penalties on any person who, "knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law").

government, moreover, is "not required to preclude every reasonable hypothesis that is consistent with innocence," *Archer*, 671 F.3d at 160 (internal quotation marks and brackets omitted), and it may rely on circumstantial evidence alone to prove the *mens rea* requirements of a crime, *see United States v. MacPherson*, 424 F.3d 183, 189–90 (2d Cir. 2005).

Here, the evidence presented at trial, viewed in the light most favorable to the government, establishes the following facts. Ibrahim and Rachid were friends and blood relatives, albeit to an unknown degree. Before Ibrahim moved to the United States, the two lived together for some period of time in Saudi Arabia. Rachid, who is a citizen of Mali, made three unsuccessful attempts to obtain a visa to the United States. He was able to secure a Canadian visa, however, and in December 2017, he flew to Toronto and then traveled to Montreal.

On December 28, Rachid texted Ibrahim his geographic coordinates in Canada using a function on WhatsApp that allowed Ibrahim to view Rachid's location on a map. The next day, Rachid texted Ibrahim the geographic coordinates of "the place" where he (implicitly) proposed that the two would meet. App'x 377. The pick-up spot was located on Glass Road, a small residential street in Champlain, New York. Glass Road ends near the Canadian border and is situated approximately one mile from Champlain's official port of entry from Canada. Proceeding then on foot, Rachid walked south across the U.S.-Canada border, using the GPS on his phone to navigate through fields and forests. As he did so, he periodically texted his coordinates to Ibrahim, allowing Ibrahim to track Rachid's movement in real time.

For his part, Ibrahim drove several hours to meet Rachid. Along the way, he texted his own coordinates to Rachid, apparently familiar with the WhatsApp mapping function. When Ibrahim arrived in Champlain at about 3:00 in the afternoon, he spent some time driving in the area nearby the Champlain port of entry. In addition, he visited Glass Road briefly about an hour and a half before Rachid arrived there at approximately 5:30 pm. Having seen the area, Ibrahim knew well in advance that the pick-up would occur in a residential neighborhood that was surrounded by fields and forests and that had none of the vestiges of an official port of entry.

Based on this and other record evidence, we are satisfied that a rational jury could find beyond a reasonable doubt that, when Rachid finally entered Ibrahim's vehicle at dark with snow-encrusted boots, wet pantlegs, and vegetation clinging to his backpack, Ibrahim knew or recklessly disregarded the fact that Rachid had illegally crossed the U.S.-Canada border. A factfinder could reasonably infer from the WhatsApp exchange that Ibrahim knew that Rachid did not enter the United States through an official port of entry. This inference is strongly supported by the location of the pick-up. Ibrahim could not have mistaken Glass Road for an authorized border crossing. Nor could he have been oblivious to the existence and proximity of the Champlain port of entry, located roughly a mile away from Glass Road. Ibrahim's personal connection to Rachid further supports the jury's verdict. This is not the case of a driver giving a ride to a stranger hitchhiking on the side of the road. Rachid and Ibrahim were blood relatives who had previously lived together, and their relationship was such that Ibrahim was willing to drive several hours to pick up Rachid, apparently without expectation of pay for his services.

In reaching our decision, we acknowledge that the record contains some evidence suggesting that Ibrahim may have acted with an innocent state of mind. Ibrahim, for example, rendezvoused with Rachid just moments after being tailed by a marked Border Patrol vehicle. According to Rachid's deposition, moreover, Ibrahim expressed "surprise" when Rachid first entered Ibrahim's vehicle, asking: "What are you doing here?" App'x 382. As defense counsel argued to the jury at summation, these pieces of evidence weigh in favor of a nonculpable *mens rea*. Our task on appeal, however, is not to "re-weigh the evidence presented at trial." *United States v. Snow*, 462 F.3d 55, 71 (2d Cir. 2006). It is limited, instead, to determining whether the evidence, construed in the light most favorable to the government, could lead a rational jury to find the elements of a crime beyond a reasonable doubt. *See Babilonia*, 854 F.3d at 174. We conclude that the evidence of Ibrahim's *mens rea* is sufficient to support the jury's guilty verdict.

\* \* \*

4

We have considered Ibrahim's remaining arguments and conclude that they are without merit. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court